# Cameron, Appellant, *v.* Allegheny County Home et al.

*Banks and banking—Trust companies—Power to pledge assets to secure deposits—Public deposits — Preference — Insolvency — Bankruptcy—Act of May 27, 1895, P. L. 127, and June 4, 1901, P. L. 404.*

1. A trust company incorporated under the Act of April 29, 1874, P. L. 73, and its supplements, has power, under the Act of May 27, 1895, P. L. 127, to pledge assets to secure deposits.

2. If the company is solvent at the time, and there is an actual delivery of bonds pledged to secure a deposit of public funds, and no knowledge by the depositor of financial difficulties of the company, there is no unlawful preference although the pledge was made within four months of the date when the banking commissioner took charge of its affairs.

3. Doubted whether the act of the commissioner in taking possession of the property of a trust company as being in an unsafe and unsound condition to continue business, is a proceeding in insolvency within the meaning of the Act of June 4, 1901, P. L. 404.

Argued September 29, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 81, March T., 1926, by plaintiff, from decree of C. P. Allegheny Co., Oct. T., 1925, No. 496, dismissing bill in equity, in case of Peter G. Cameron, Secretary of Banking of the Commonwealth of Pennsylvania in possession of the business and property of the Carnegie Trust Co. by Frank W. Jackson, Special Deputy, as Agent, v. Allegheny County Home, and J. Clyde Miller et al., Directors of the Poor of Allegheny County Home. Affirmed.

Bill in equity to require securities to˙be turned over to plaintiff.   Before Shaffer, P. J.

The opinion of the Supreme Court states the facts.

Bill dismissed.   Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Leonard K. Guiler,* with him *E. Lowry Humes,* for appellant.—Under the provisions of the Insolvent Act of 1901, the bonds pledged by the Carnegie Trust Co. inured to the benefit of all its creditors: Potts v. Mfg. Co., 25 Pa. Superior Ct. 206; Citizens Nat. Bank v. Gass, 29 Pa. Superior Ct. 125; Hoover v. Ober, 42 Pa. Superior Ct. 308; Strawn v. Iams, 247 Pa. 132; Printing Press Co. v. Pub. Co., 213 Pa. 207; Girard Trust Co. v. Mellor, 156 Pa. 579; Sholes v. Asphalt Co., 183 Pa. 528; Eagle Inc. v. Kunkle, 278 Pa. 190; Miller's App., 35 Pa. 481; Cowan v. Plate Glass Co., 184 Pa. 1; Prudential Trust Co.'s Assignment, 223 Pa. 409, 414.

*Thomas F. Garrahan,* with him *H. W. McIntosh,* for appellees.—The pledge of the bonds was to secure the deposit of public funds, and its validity has been passed on by this court: Cameron v. Christy, 286 Pa. 405.

The pledge of said bonds was for a valuable consideration, and entered into in good faith long before any question of insolvency arose: Ahl v. Rhoads, 84 Pa. 319; Harter v. Bomberger, 47 Pa. 492; Thompson v. Fairbanks, 196 U. S. 516; Davis v. Billings, 254 Pa. 574.

There was no unlawful preference under the Insolvency Act of 1901: Turnpike Co. v. Martin, 12 Pa. 361; Clark's Est., 38 Pa. C. C. R. 227; Garman's Est., 45 Pa. C. C. R. 519; Wild's Est., 39 Pa. C. C. R. 577; Graham's Account, 20 Pa. Dist. R. 887.

The bonds pledged were delivered into the exclusive possession of the Allegheny County Home and its board of directors: McCully v. McCrary, 269 Pa. 581; Kirk v. Kirker, 270 Pa. 158.

OPINION BY MR. JUSTICE FRAZER, November 22, 1926:

Previous to November 8, 1924, the Carnegie Trust Company, of Carnegie, Pa., was designated as the depository of funds belonging to the Allegheny County Home conducted by the Directors of the Poor of Allegheny County for that portion of the county not within the City of Pittsburgh. The moneys so deposited are admitted to be public funds. The directors demanded that the trust company furnish further security for their existing and future deposits, and informed the company that if such security were not furnished the deposit would be withdrawn. On the date above mentioned, and pursuant to such request, the board of directors of the trust company adopted a resolution authorizing its proper officers to deposit corporate bonds of the Carnegie Coal Company to the amount of $300,000 with the directors of the poor, as security, and in accordance with the resolution such bonds were delivered to the poor directors on December 29, 1924, and by them deposited for safe keeping at the Colonial Trust Company in a safe deposit box rented and paid for by the Allegheny County Poor Directors, the keys being kept in the possession of the directors, under an arrangement, however, whereby the box should be opened only in the presence of the president of the trust company who was to have access in this manner for the purpose of securing the interest coupons attached to the bonds as they matured. On April 27, 1925, plaintiff, the secretary of banking of the Commonwealth of Pennsylvania, took possession of the business and property of the Carnegie Trust Company under the State Banking Act of June 15, 1923, P. L. 809. He then filed this bill to secure possession of the bonds in question on the theory that the pledge was invalid and the proceeds of the bonds should be administered as part of the assets of the trust company for the benefit of all its creditors. The court below dismissed the bill and plaintiff appealed.

The power of the Carnegie Trust Company to make the pledge to secure a deposit of public funds was discussed and sustained in the case of Cameron v. Christy, 286 Pa. 405. Plaintiff contends, however, that as the bonds were, in this case, actually delivered within four months of the date on which the banking commissioner took charge of the trust company, and as exclusive possession was not given the assignee, the transaction amounted to an illegal preference of creditors within the meaning of the Insolvency Act of June 4, 1901, P. L. 404, which provides that if any person or corporation shall make any pledge or transfer of property with a view to give preference to any creditor, such transfer shall inure to the benefit of all creditors of such insolvent if an assignment for the benefit of creditors be made or proceedings in insolvency be begun within four months thereafter. It may well be doubted whether the taking possession of the property of the trust company by the secretary of banking and for the avowed reason that the company was "in an unsafe and unsound condition to continue business" and "has neglected and refused to comply with the terms of a lawfully issued order" of the banking commissioner was a proceeding in insolvency within the meaning of the Act of 1901, inasmuch as section 2 of that act expressly provides that nothing therein contained should in any manner affect a pledge or transfer taken in good faith by a creditor without knowledge of an intent on the part of the transferer to give a preference and if, in case of personal property, exclusive possession is given at or about the same time. In this case, the court below found, and this finding is supported by the record, that there was an actual delivery of possession of the bonds in question and such possession is, in our opinion, none the less exclusive merely because of the arrangement whereby the safe deposit box should be opened only in the presence of the president of the trust company who was to be permitted, in the presence of the county officers, to detach interest

coupons from the bonds. Furthermore, no exception was taken to the finding that there was an actual delivery of the bonds to the directors of the poor. Neither is there evidence in the record to show that either of the parties anticipated insolvency on the part of the trust company at the time the transfer was made. The requirement of collateral to secure the deposit of public funds was a usual one in such case (Cameron v. Christy, 286 Pa. 405, 410), and, consequently, the fact that this was done does not necessarily create a suspicion that the parties contemplated the possibility of insolvency at that or any other time. The transfer of collateral being actually delivered, and there being no evidence of knowledge on the part of the county officials that the trust company was in financial difficulties, plaintiff has failed to sustain the allegations of the bill.

The decree of the court below is affirmed at the costs of plaintiff.