COLLINS v. SCHOOL DIST. OF BOROUGH OF TRAFFORD et al.

No. 5318.

Circuit Court of Appeals, Third Circuit.

July 16, 1934.

Carroll Caruthers, Fred B. Trescher, and Christ C. Walthour, all of Greensburg, Pa., for appellant.

Robert M. Carson and Paul S. Barnhart, both of Greensburg, Pa., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Western District of Pennsylvania. The appellant is the receiver of the First National Bank of Trafford. The appellee, the school district of the borough of Trafford, a municipal corporation of the state of Pennsylvania, had school funds on deposit with the bank. The school district and the directors of the bank entered into an agreement on September 28, 1931, whereby the bank was to assign bonds and mortgages to a trustee as security for the deposits. The bonds and mortgages were assigned on October 22, 1931. The bank suspended business on February 3, 1932. Thereafter the trustee, on behalf of the school district, collected the interest upon the mortgages, and in some instances the mortgage debt. The appellant by bill in equity prayed that, under the provisions of Rev. St. § 5242 (12 USCA § 91), the agreement of September 28, 1931, be declared unlawful and void; that the deposit of bonds and mortgages be declared fraudulent and void; that the deposit thereof be decreed to constitute an illegal preference; that the bonds and mortgages be held in trust for the receiver; that the trustee be ordered to reassign and deliver to the receiver the bonds and mortgages remaining unsatisfied and unpaid; and that the trustee be ordered to account. The District Court, after trial on bill, answer, and proofs, dismissed the bill. It held that the appellant had failed to prove that Rev. St. § 5242 (12 USCA § 91) applied. It also held that the bank, by virtue of the Act of June 25, 1930 (12 USCA § 90), had the right to pledge its assets to secure deposits of the school district, because the latter is a political subdivision of a state.

The Act of June 25, 1930 (12 USCA § 90) provides: "Any association may, upon the deposit with it of public money of a State or any political subdivision thereof, give security for the safe-keeping and prompt payment of the money so deposited, of the same kind as is authorized by the law of the State in which such association is located in the case of other banking institutions in the State."

Prior to the passage of that act, a national bank had no power to make any pledge to secure deposits except the federal deposits specifically provided for by act of Congress. Lewis v. Fidelity & Deposit Co. of Maryland, 54 S. Ct. 848, 78 L. Ed. 1425, opinion filed by Supreme Court June 4, 1934; Texas & Pacific Railway Co. v. Pottorff, 291 U. S. 245, 54 S. Ct. 416, 78 L. Ed. 777; City of Marion v. Sneeden, 291 U. S. 262, 54 S. Ct. 421, 78 L. Ed. 787.

The Supreme Court of Pennsylvania has held that a bank, organized under the laws of the state, has power to pledge assets to secure any deposits whether of private or public funds. Cameron v. Allegheny County Home, 287 Pa. 326, 135 A. 133; Cameron v. Christy, 286 Pa. 405, 133 A. 551; Ahl v. Rhoads, 84 Pa. 319. It follows that a national bank, located in the state of Pennsylvania, has authority to give security for money deposited with it by a political subdivision of the state.

The appellant contends that, because of the provisions of Rev. St. § 5242 (12 USCA § 91), the assignment of the mortgages should be declared null and void. The act relied upon reads: " * * * All assignments of mortgages, * * * made after the commission of an act of insolvency, or in contemplation thereof, made with a view to prevent the application of its assets in the manner prescribed by this chapter, or with a view to the preference of one creditor to another, except in payment of its circulating notes, shall be utterly null and void; and no attachment, injunction or execution, shall be issued against such association or its property before final judgment in any suit, action, or proceeding, in any State, county, or municipal court."

The burden is upon the receiver to prove that the assignment was made in contemplation of insolvency. The word "contemplate," as defined in the New Century Dictionary, means: (1) To have in view as a purpose; (2) to intend; (3) to have in view as a future event. The District Court concluded upon sufficient evidence that the directors of the bank did not intend or have in view as a pur-

pose or as a future event the insolvency of the bank at the time of the assignment of the bonds and mortgages. The appellant has not convinced us that there was error in the District Court's findings of fact and conclusions of law.

Decree affirmed.